# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN (WATERLOO) DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ESAUL ACEVEDO MURILLO,<br><br>    Defendant. | No. CR 07-2026-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PROSECUTION'S MOTION TO DISMISS COUNTS 5 AND 6** |

_____

## TABLE OF CONTENTS

*I.  INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    *A.  Dismissal Of Counts 5 And 6* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    *B.  Viability Of Count 3* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## *I.  INTRODUCTION*

    In a six-count Indictment handed down September 26, 2007, a Grand Jury charges defendant Esaul Acevedo Murillo with the following offenses: **Counts 1** and **2** charge "possession of a false document" in violation of 18 U.S.C. § 1546(a); **Counts 3** and **4** charge "use of an identification document not lawfully issued" in violation of 18 U.S.C.

§ 1546(b)(1); and **Counts 5** and **6** charge "aggravated identity theft" in violation of 18 U.S.C. § 1028A(a)(1).

More specifically, **Count 1** charges that, on or about June 27, 2007, the defendant knowingly possessed a document prescribed by statute or regulation as evidence of authorized stay or employment in the United States, that is, a social security card in the name of "Esaul Acevedo" bearing the last four digits 8944, which document the defendant knew had been forged, counterfeited, falsely made, and otherwise unlawfully obtained. **Count 2** charges that, on or about July 15, 2007, the defendant knowingly possessed a document prescribed by statute or regulation as evidence of authorized stay or employment in the United States, that is, a resident alien card in the name of "Esaul Acevedo" bearing the last four digits 5692, which document the defendant knew had been forged, counterfeited, falsely made, and otherwise unlawfully obtained. **Count 3** charges that, on or about June 27, 2007, the defendant used an identification document, that is, a social security card in the name of "Esaul Acevedo" bearing the last four digits 8944, for the purpose of satisfying a requirement of the employment verification system, knowing and having reason to know that the document had not been issued lawfully for his use. **Count 4** charges that, on or about July 15, 2007, the defendant used an identification document, that is, a resident alien card in the name of "Esaul Acevedo" bearing the last four digits 5692, for the purpose of satisfying a requirement of the employment verification system, knowing and having reason to know that the document had not been issued lawfully for his use. **Count 5** charges that, on or about June 27, 2007, during and in relation to the offenses set out in Counts 1 and 3, the defendant knowingly possessed and used, without lawful authority, a means of identification of another person, that is, a social security card in the name of "Esaul Acevedo" bearing the last four digits 8944, which had been issued to another actual person. **Count 6** charges that, on or about July 15, 2007,

during and in relation to the offenses set out in Counts 2 and 4, the defendant knowingly possessed and used, without lawful authority, a means of identification of another person, that is, a resident alien card in the name of "Esaul Acevedo" bearing the last four digits 5692, which was assigned to another actual person. Trial in this matter was set to begin on a date certain of January 14, 2008.

This matter comes before the court pursuant to the prosecution's January 4, 2008, Motion To Dismiss Counts 5 And 6 Of The Indictment (docket no. 18). The prosecution moves to dismiss **Counts 5** and **6** without prejudice and represents that defense counsel has been contacted and has advised that the defendant has no objection to the prosecution's motion. On January 4, 2008, in response to the prosecution's motion, the defendant filed a Notice Of Intent To Plead Guilty (docket no. 19), in which the defendant advised the court of his intention to plead guilty to **Counts 1** through **4** of the Indictment.

The court finds that dismissal of **Counts 5** and **6** without prejudice is appropriate pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure. The court finds it necessary to add, however, that it has considerable doubt, from its advance work on jury instructions for the trial scheduled for January 14, 2008, that **Count 3** states a viable charge.

## II. LEGAL ANALYSIS
### A. Dismissal Of Counts 5 And 6

**Counts 5** and **6** charge Acevedo Murillo with "aggravated identity theft" in violation of 18 U.S.C. § 1028A(a)(1). "'The decision to dismiss an indictment implicates concerns that the Executive is uniquely suited to evaluate.'" *United States v. Jacobo-Zavala*, 241 F.3d 1009, 1012 (8th Cir. 2001). Therefore, "Rule 48(a) [of the Federal Rules of Criminal Procedure] provides a mechanism for the government to dismiss an

indictment." *Id.* at 1011. Although no authority is stated in the prosecution's motion to dismiss, the court concludes that the prosecution's motion to dismiss is pursuant to Rule 48(a).

Rule 48(a) provides as follows:

> **Rule 48. Dismissal**
>
> **(a) By the Government.** The government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent.

FED. R. CRIM. P. 48(a).

A court has only limited discretion to deny leave to dismiss pursuant to Rule 48(a):

> Noting that the "by leave of court" clause represents a departure from the common law tradition giving the executive complete control over whether to prosecute an indictment, the Supreme Court has observed that:
>> The words "leave of court" were inserted in Rule 48(a) without explanation. While they obviously vest some discretion in the court, the circumstances in which that discretion may properly be exercised have not been delineated by this Court. The principal object of the "leave of court" requirement is apparently to protect a defendant against prosecutorial harassment, e.g., charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection. But the Rule has also been held to permit the court to deny a Government dismissal motion to which the defendant has consented if the motion is prompted by considerations clearly contrary to the public interest.
>
> *Rinaldi v. United States*, 434 U.S. 22, 29 n. 15, 98 S. Ct. 81, 54 L. Ed. 2d 207 (1977) (per curiam). Thus, courts have recognized two circumstances in which the district court may

indictment." *Id.* at 1011. Although no authority is stated in the prosecution's motion to dismiss, the court concludes that the prosecution's motion to dismiss is pursuant to Rule 48(a).

Rule 48(a) provides as follows:

> **Rule 48. Dismissal**
>
> **(a) By the Government.** The government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent.

FED. R. CRIM. P. 48(a).

A court has only limited discretion to deny leave to dismiss pursuant to Rule 48(a):

> Noting that the "by leave of court" clause represents a departure from the common law tradition giving the executive complete control over whether to prosecute an indictment, the Supreme Court has observed that:
>> The words "leave of court" were inserted in Rule 48(a) without explanation. While they obviously vest some discretion in the court, the circumstances in which that discretion may properly be exercised have not been delineated by this Court. The principal object of the "leave of court" requirement is apparently to protect a defendant against prosecutorial harassment, e.g., charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection. But the Rule has also been held to permit the court to deny a Government dismissal motion to which the defendant has consented if the motion is prompted by considerations clearly contrary to the public interest.
>
> *Rinaldi v. United States*, 434 U.S. 22, 29 n. 15, 98 S. Ct. 81, 54 L. Ed. 2d 207 (1977) (per curiam). Thus, courts have recognized two circumstances in which the district court may

indictment." *Id.* at 1011. Although no authority is stated in the prosecution's motion to dismiss, the court concludes that the prosecution's motion to dismiss is pursuant to Rule 48(a).

Rule 48(a) provides as follows:

> **Rule 48. Dismissal**
>
> **(a) By the Government.** The government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent.

FED. R. CRIM. P. 48(a).

A court has only limited discretion to deny leave to dismiss pursuant to Rule 48(a):

> Noting that the "by leave of court" clause represents a departure from the common law tradition giving the executive complete control over whether to prosecute an indictment, the Supreme Court has observed that:
>> The words "leave of court" were inserted in Rule 48(a) without explanation. While they obviously vest some discretion in the court, the circumstances in which that discretion may properly be exercised have not been delineated by this Court. The principal object of the "leave of court" requirement is apparently to protect a defendant against prosecutorial harassment, e.g., charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection. But the Rule has also been held to permit the court to deny a Government dismissal motion to which the defendant has consented if the motion is prompted by considerations clearly contrary to the public interest.
>
> *Rinaldi v. United States*, 434 U.S. 22, 29 n. 15, 98 S. Ct. 81, 54 L. Ed. 2d 207 (1977) (per curiam). Thus, courts have recognized two circumstances in which the district court may

indictment." *Id.* at 1011. Although no authority is stated in the prosecution's motion to dismiss, the court concludes that the prosecution's motion to dismiss is pursuant to Rule 48(a).

Rule 48(a) provides as follows:

> **Rule 48. Dismissal**
>
> **(a) By the Government.** The government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent.

FED. R. CRIM. P. 48(a).

A court has only limited discretion to deny leave to dismiss pursuant to Rule 48(a):

> Noting that the "by leave of court" clause represents a departure from the common law tradition giving the executive complete control over whether to prosecute an indictment, the Supreme Court has observed that:
>> The words "leave of court" were inserted in Rule 48(a) without explanation. While they obviously vest some discretion in the court, the circumstances in which that discretion may properly be exercised have not been delineated by this Court. The principal object of the "leave of court" requirement is apparently to protect a defendant against prosecutorial harassment, e.g., charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection. But the Rule has also been held to permit the court to deny a Government dismissal motion to which the defendant has consented if the motion is prompted by considerations clearly contrary to the public interest.
>
> *Rinaldi v. United States*, 434 U.S. 22, 29 n. 15, 98 S. Ct. 81, 54 L. Ed. 2d 207 (1977) (per curiam). Thus, courts have recognized two circumstances in which the district court may

> deny leave to dismiss an indictment: when the defendant objects to the dismissal, and when dismissal is clearly contrary to the manifest public interest. *United States v. Gonzalez*, 58 F.3d 459, 461 (9th Cir. 1995); United States v. Hamm, 659 F.2d 624, 629 (5th Cir. 1981); *see also In re Richards*, 213 F.3d 773, 786-87 (3d Cir. 2000) ("refusal to dismiss is appropriate only in the rarest of cases").

*Jacobo-Zavala*, 241 F.3d at 1012. Where, as here, the defendant consents to the dismissal, only the second basis for denial of the motion to dismiss must be considered. *Id.*

As to the second basis for denial of a Rule 48(a) motion to dismiss, the Eighth Circuit Court of Appeals has explained:

> Because it is the prosecutor, and not the district court, who is primarily responsible for balancing public and individual interests in determining who should be prosecuted, "a district court should be reluctant to deny [her] request." *Id.* The court is limited to assessing whether the government's motion is contrary to manifest public interest because it is not based in the prosecutor's good faith discharge of her duties. *United States v. Palomares,* 119 F.3d 556, 558 (7th Cir. 1997); *Smith,* 55 F.3d at 159; *Hamm,* 659 F.2d at 629-30 (court's discretion limited to circumstances indicating "betrayal of the public interest," such as bribery, inconvenience to the prosecutor, or personal dislike for the victim of a crime).

*Jacobo-Zavala*, 241 F.3d at 1012. Thus, the motion should be granted where an "adequate and proper reason for dismissal" is provided and the court finds no "bad faith" on the part of the prosecution. *Id.* (quoting *United States v. Dupris*, 664 F.2d 169, 174 (8th Cir. 1981)). More specifically, "'the district court ha[s] to grant the motion unless the dismissal "would be clearly contrary to manifest public interest, determined by whether the prosecutor's motion to dismiss was made in bad faith."'" *Id.* (quoting *United States*

5

*v. Rush*, 240 F.3d 729, 230 (8th Cir. 2001), in turn quoting *United States v. Goodson*, 204 F.3d 508, 512 (4th Cir. 2000)).

It is true that the prosecution has not actually offered a reason for dismissing the Counts in question. However, it is clear that dismissal of **Counts 5** and **6** has prompted the defendant to advise the court of his intention to plead guilty to the remaining Counts. Here, as in *Jacobo-Zavala*, the court finds no suggestion that the government is acting in bad faith or with improper motives in attempting to dismiss the charges, even assuming that the dismissal is based on a strategic decision to encourage the defendant to plead to other charges or to avoid litigating the elements of the § 1028A offenses.[1] *See Jacobo-Zavala*, 240 F.3d at 1014 (finding "no suggestion that the government acted in bad faith

---

[1] The statute at issue in these Counts, 18 U.S.C. § 1028A, is denominated "aggravated identity theft," and provides, in pertinent part, as follows:
> **(a) Offenses.—**
>> **(1) In general.**—Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

18 U.S.C. § 1028A(a)(1). In another case, this court recently construed the elements of an "aggravated identity theft" offense in violation of this statute to be the following: (1) the defendant knowingly possessed a means of identification of another person; (2) the defendant knew that the means of identification belonged to another person; (3) the defendant knew that he was without lawful authority to possess the means of identification; and (4) the defendant possessed the means of identification during and in relation to a predicate offense. *United States v. Salazar-Montero*, ___ F. Supp. 2d ___, 2007 WL 3102096 (N.D. Iowa Oct. 25, 2007) (noting a split among courts to consider the issue, but holding that the "knowledge" requirement in § 1028A(a)(1) requires proof that the defendant knew that the means of identification that he used belonged to another person, thereby creating a split within the district).

or had improper motives in attempting to dismiss the charges, and strategic decisions such as whether defendants ought to be tried in a federal forum are at the heart of the function of prosecution vested in the Executive Branch," where the prosecution dismissed federal charges to allow the defendants to plead guilty to offenses in state court bearing lesser sentences, because the prosecutor opined that the state sentences were sufficient).

Moreover, "[a]s a general rule, a dismissal with leave of court [pursuant to Rule 48(a)] is considered to be without prejudice." *DeMarrias v. United States*, 487 F.2d 19, 21 (8th Cir. 1973) (noting, further, that Rule 48(a) "has regularly been interpreted to mean that a dismissal of an indictment at the request of the government prior to trial does not bar subsequent prosecution for criminal acts described in that indictment"); *see also United States v. Arradondo*, 483 F.2d 980, 983 (8th Cir. 1973) (a dismissal pursuant to Rule 48(a) "is without prejudice").

Therefore, the court will grant the prosecution's motion to dismiss without prejudice **Counts 5** and **6** of the Indictment.

### B. *Viability Of Count 3*

Although the defendant has indicated an intention to plead guilty to all of the remaining Counts of the Indictment, the court has considerable doubt from its advance preparation of Jury Instructions for the trial in this matter, set for January 14, 2008, that **Count 3** states an offense. **Count 3** of the Indictment is one of the charges of "use of an identification document not lawfully issued" in violation of 18 U.S.C. § 1546(b)(1). Specifically, **Count 3** charges that, on or about June 27, 2007, the defendant used an identification document, that is, a social security card in the name of "Esaul Acevedo" bearing the last four digits 8944, for the purpose of satisfying a requirement of the

7

employment verification system, knowing and having reason to know that the document had not been issued lawfully for his use.

The statute defining the offense in **Count 3**, provides, in pertinent part, as follows:

> **(b)** Whoever uses—
>
> > **(1)** an identification document, knowing (or having reason to know) that the document was not issued lawfully for the use of the possessor . . .
>
> for the purpose of satisfying a requirement of section 274A(b) of the Immigration and Nationality Act [codified at 8 U.S.C. § 1324a(b)], shall be fined under this title, imprisoned not more than 5 years, or both.

18 U.S.C. § 1546(b)(1). Thus, a violation of this statute requires proof of the following elements: (1) the defendant used an identification document for the purpose of satisfying a requirement of the employment verification system; and (2) the defendant did so knowing or having reason to know that the document had not been issued lawfully for his use.

As to the first element of the offense, the provision of the Nationality and Immigration Act cited in § 1546(b)(1) establishes an "employment verification system," pursuant to which an employer must verify that a person hired by the employer is not an unauthorized alien by examining certain documents. 8 U.S.C. § 1324a(b)(1)(A). The statute then defines "documents establishing both employment authorization and identity," but those documents do *not* include a social security card. 8 U.S.C. § 1324a(b)(1)(B). Rather, a "social security account number card (other than such a card which specifies on the face that the issuance of the card does not authorize employment in the United States)" is identified in the statute *only* as one of the "[d]ocuments evidencing employment authorization." 8 U.S.C. § 1324a(b)(1)(C). A social security card also plainly does not fit the definition of "[d]ocuments establishing identity of individual," because it does not

8

"contain[] a photograph of the individual or such other personal identifying information relating to the individual as the Attorney General finds, by regulation, sufficient for purposes of this section." 8 U.S.C. § 1324a(b)(1)(D). *See generally United States v. Tyson Foods, Inc.*, 258 F. Supp. 2d 809 (E.D. Tenn. 2003) (also concluding that a "social security card" is not a "means of identification" within the meaning of 18 U.S.C. § 1546(b), even if this creates a "loophole" or appears inconsistent with § 1546(a)).

Because a "social security card" doe not appear to be a "means of identification" within the meaning of 18 U.S.C. § 1546(b) and 8 U.S.C. § 1324a(b), the court thinks it is likely that **Count 3** fails to state an offense and that, if that is so, it would be plain error for the court to accept a plea of guilty to that offense or to instruct a jury on that offense. Under these circumstances, the court will entertain a motion to dismiss **Count 3** pursuant to Rule 12(b)(3)(B) or pursuant to Rule 48(a).

### III.  CONCLUSION

Upon the foregoing, the prosecution's January 4, 2008, Motion To Dismiss Counts 5 And 6 Of The Indictment (docket no. 18) is **granted**, and **Counts 5** and **6** are **dismissed without prejudice** pursuant to Rule 48(a).

**IT IS SO ORDERED.**

**DATED** this 8th day of January, 2008.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA