# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN (WATERLOO) DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR 07-2026-MWB |
| vs. | **ORDER REGARDING DEFENDANT'S MOTION TO DISMISS COUNT 3** |
| ESAUL ACEVEDO MURILLO, | |
| Defendant. | |

_____

## *I. INTRODUCTION*

In a six-count Indictment handed down September 26, 2007, defendant Esaul Acevedo Murillo was charged with committing the following offenses: "possession of a false document", in violation of 18 U.S.C. § 1546(a) (Counts 1 and 2); "use of an identification document not lawfully issued", in violation of 18 U.S.C. § 1546(b)(1) (Counts 3 and 4); and, "aggravated identity theft" in violation of 18 U.S.C. § 1028A(a)(1) (Counts 5 and 6). More specifically, Count 1 charges that, on or about June 27, 2007, the defendant knowingly possessed a document prescribed by statute or regulation as evidence of authorized stay or employment in the United States, that is, a social security card in the name of "Esaul Acevedo" bearing the last four digits 8944, which document the defendant knew had been forged, counterfeited, falsely made, and otherwise unlawfully obtained. Count 2 charges that, on or about July 15, 2007, the defendant knowingly possessed a document prescribed by statute or regulation as evidence of authorized stay or employment in the United States, that is, a resident alien card in the name of "Esaul Acevedo" bearing

the last four digits 5692, which document the defendant knew had been forged, counterfeited, falsely made, and otherwise unlawfully obtained. Count 3 charges that, on or about June 27, 2007, the defendant used an identification document, that is, a social security card in the name of "Esaul Acevedo" bearing the last four digits 8944, for the purpose of satisfying a requirement of the employment verification system, knowing and having reason to know that the document had not been issued lawfully for his use. Count 4 charges that, on or about July 15, 2007, the defendant used an identification document, that is, a resident alien card in the name of "Esaul Acevedo" bearing the last four digits 5692, for the purpose of satisfying a requirement of the employment verification system, knowing and having reason to know that the document had not been issued lawfully for his use.[1]

This matter comes before the court pursuant to defendant Acevedo-Murillo's Motion To Dismiss Count 3 Of The Indictment (docket no. 29). Defendant Acevedo-Murillo moves to dismiss Count 3 of the indictment, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B), on the ground that Count 3 fails to state a cause of action because a "social security card" does not constitute an "identification document" within the meaning of 18 U.S.C. § 1546(b). The prosecution has filed a timely resistance to defendant Acevedo-Murillo's Motion To Dismiss Count 3 Of The Indictment in which it contends that a social security card may constitute an "identification document" within the meaning of 18 U.S.C. § 1546(b).

---

[1] On January 8, 2008, the court granted the prosecution's Motion To Dismiss Counts 5 And 6 Of The Indictment.

## II.  LEGAL ANALYSIS

### A.  Standards For A Motion To Dismiss

A defendant may move to dismiss an indictment based on defects in the indictment, lack of jurisdiction, or failure to charge an offense. FED. R. CRIM. P. 12(b)(3)(B). Under Federal Rule of Criminal Procedure 12(b)(3)(B), a defendant may not rely on facts which are extrinsic to the Indictment in arguing that the Indictment does not charge an offense. Rather, a court may only consider the four corners of an indictment to determine whether it states an offense. *See United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006); *United States v. Panarella*, 277 F.3d 678, 685 (3d Cir. 2002); *United States v. Caicedo*, 47 F.3d 370, 371 (9th Cir. 1995); *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir.1994); *United States v. Cadillac Overall Supply Co.*, 568 F.2d 1078, 1082 (5th Cir. 1978). Generally, an indictment is deemed sufficient "if it, first contains the elements of the offense charged and fairly informs a defendant of the charge against him, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citing *Hagner v. United States*, 285 U.S. 427 (1932) and *United States v. Debrow*, 346 U.S. 374 (1953)). However, as the Third Circuit Court of Appeals explained in *Panarella*, an indictment does not state an offense if the specific facts it alleges "fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation." *Panarella*, 277 F.3d at 685. Consequently, with these standards in mind, the court turns to consideration of defendant Acevedo-Murillo's Motion To Dismiss Count 3 Of The Indictment.

### B.  Viability Of Count 3

Count 3 of the Indictment is one of the charges of "use of an identification document not lawfully issued" in violation of 18 U.S.C. § 1546(b)(1). Specifically,

Count 3 charges that, on or about June 27, 2007, the defendant used an identification document, that is, a social security card in the name of "Esaul Acevedo" bearing the last four digits 8944, for the purpose of satisfying a requirement of the employment verification system, knowing and having reason to know that the document had not been issued lawfully for his use.

The statute defining the offense in Count 3, provides, in pertinent part, as follows:

> **(b)** Whoever uses—
>
> > **(1)** an identification document, knowing (or having reason to know) that the document was not issued lawfully for the use of the possessor . . .
>
> for the purpose of satisfying a requirement of section 274A(b) of the Immigration and Nationality Act [codified at 8 U.S.C. § 1324a(b)], shall be fined under this title, imprisoned not more than 5 years, or both.

18 U.S.C. § 1546(b)(1). Thus, a violation of this statute requires proof of the following elements: (1) the defendant used an identification document for the purpose of satisfying a requirement of the employment verification system; and (2) the defendant did so knowing or having reason to know that the document had not been issued lawfully for his use.

As to the first element of the offense, the provision of the Nationality and Immigration Act cited in § 1546(b)(1) establishes an "employment verification system," pursuant to which an employer must verify that a person hired by the employer is not an unauthorized alien by examining certain documents. 8 U.S.C. § 1324a(b)(1)(A). The statute then defines "documents establishing both employment authorization and identity," but those documents do *not* include a social security card. 8 U.S.C. § 1324a(b)(1)(B). Rather, a "social security account number card (other than such a card which specifies on the face that the issuance of the card does not authorize employment in the United States)"

is identified in the statute *only* as one of the "[d]ocuments evidencing employment authorization." 8 U.S.C. § 1324a(b)(1)(C). A social security card also plainly does not fit the definition of "[d]ocuments establishing identity of individual," because it does not "contain[] a photograph of the individual or such other personal identifying information relating to the individual as the Attorney General finds, by regulation, sufficient for purposes of this section." 8 U.S.C. § 1324a(b)(1)(D). *See generally United States v. Tyson Foods, Inc.*, 258 F. Supp. 2d 809 (E.D. Tenn. 2003) (also concluding that a "social security card" is not a "means of identification" within the meaning of 18 U.S.C. § 1546(b), even if this creates a "loophole" or appears inconsistent with § 1546(a)).

The prosecution points the court to the definition of "identification document" contained in 18 U.S.C. § 1028 and cites *United States v. Quinteros*, 769 F.2d 968 (4th Cir.1985), for the proposition that Social Security cards are "identification documents" under § 1028. The prosecution invites the court to take the definition of "identification document" from § 1028(d) and apply it to the present count being prosecuted under 18 U.S.C. § 1546(b). The flaw here is that there is no legal authority or precedent for the court to borrow the definition of "identification document" provided in § 1028(d) and apply it to the charged offense brought under § 1546(b). The court notes that there is no reference in § 1546 to § 1028. Clearly, if it was Congress's intent for the definition of "identification document" found in § 1028 to be equally applicable to § 1546(b), then Congress could have clearly stated its intent in § 1546(b). However, it did not do so. Rather, Congress expressed its intent in § 1546(b) regarding identification documents by making an explicit reference only to 8 U.S.C. § 1324a(b).

Thus, having found that a "social security card" does not constitute a "means of identification" within the meaning of 18 U.S.C. § 1546(b) and 8 U.S.C. § 1324a(b), the

5

court concludes that Count 3 fails to state a cause of action. Therefore, the court grants defendant Acevedo-Murillo's Motion To Dismiss Count 3 Of The Indictment.

**IT IS SO ORDERED.**

**DATED** this 13th day of March, 2008.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA